**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-2238**

---

TANYITAKU CLOVIS NWANNA, a/k/a Clovis Tanyi Taku; MARCELENE FORTON EBANGHA,

      Petitioners,

      v.

JEFFERSON B. SESSIONS III, Attorney General,

      Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: May 4, 2017                       Decided: June 14, 2017

---

Before TRAXLER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

William Payne, PAYNE & ASSOCIATES, Washington, D.C., for Petitioners. Chad A. Readler, Acting Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Jesse Lloyd Busen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanyitaku Clovis Nwanna and Marcelene Forton Ebangha, natives and citizens of Cameroon, petition for review of an order of the Board of Immigration Appeals denying their motion to reopen. For the reasons set forth below, we dismiss in part and deny in part the petition for review.

Before this court, the Petitioners seek to challenge the immigration judge's adverse credibility determination and the agency's underlying denial of their applications for relief. Only the Board's denial of the Petitioners' motion to reopen is properly before us, however, as the Petitioners failed to timely petition this court for review of the Board's decision of May 20, 2016. The Petitioners had 30 days from the date of this initial decision to timely file a petition for review. *See* 8 U.S.C. § 1252(b)(1) (2012). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS,* 514 U.S. 386, 405 (1995). The filing of a motion to reopen with the Board does not toll the 30-day period for seeking review of an underlying decision. *Id.* at 394. Accordingly, we now limit our review to the propriety of the Board's denial of the Petitioners' motion to reopen, and we dismiss the petition for review to the extent the Petitioners challenge the earlier decision.

Turning to the Board's denial of the Petitioners' motion to reopen, we have reviewed the Petitioners' claims in conjunction with the administrative record and conclude that the Board did not abuse its discretion in denying the motion. *See* 8 C.F.R. § 1003.2(a) (2016); *Mosere v. Mukasey,* 552 F.3d 397, 400 (4th Cir. 2009). Accordingly, we deny the petition for review in part for the reasons stated by the Board. *See In re Nwanna* (B.I.A.

2

Sept. 27, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*